UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No. SACV 14-00345-CJC(JPRx)            Date: March 12, 2014

Title: U.S. BANK NATIONAL ASSOCIATION V. PRICILA PINEDA-ORTEGA, ET AL.

PRESENT:

### HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                     None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING ACTION FOR LACK OF JURISDICTION**

**Introduction / Background**

       On February 3, 2014, *pro se* Defendants Pricila Pineda-Ortega and Fernando Rodriguez (collectively, "Defendants") removed this unlawful detainer action originally filed in the Orange County Superior Court by Plaintiff U.S. Bank, N.A. ("U.S. Bank"), to this Court. (Dkt. No. 1 ["Notice of Removal"].) Defendants assert that this Court has both federal question jurisdiction and diversity jurisdiction over this matter. (*See id.* ¶¶ 12, 14.) On its own motion, the Court finds that it lacks subject matter jurisdiction over this action and accordingly **REMANDS** it to Orange County Superior Court. *See Cooper v. Washington Mutual Bank*, No. C03–554 VRW, 2003 WL 1563999, at *2 (N.D. Cal. March 19, 2003) ("If the court's lack of subject matter jurisdiction over an action is clear and unarguable . . . the court may remand without further briefing or argument from the parties.").

**Analysis**

       A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-00354-CJC(JPRx)            Date: March 12, 2014
                                                                                               Page 2

---

§ 1441(b). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

       Defendants have not met their burden of establishing federal jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). Here, the Complaint asserts only a state law claim for unlawful detainer of the subject property. (*See* Notice of Removal, Exh. H ["Compl."].) Defendants' assertion that they seek relief in federal court "under various federal questions," (Notice of Removal ¶ 12), and seeming implication of the Consumer Credit Protection Act, codified at 15 U.S.C. § 1692, *et seq.*, (*see id.* ¶ 2), provide, at best, defenses or counterclaims to the underlying action, not a basis for federal jurisdiction.

       Defendants also cannot assert diversity jurisdiction as the basis of their removal because the Complaint clearly seeks damages no greater than $10,000. (*See* Compl.). Therefore, the amount in controversy requirement is not satisfied. *See* 28 U.S.C. § 1332.

**Conclusion**

       Because there is no subject matter jurisdiction over this action, removal is improper. The action is hereby **REMANDED** to Orange County Superior Court.

rrd

MINUTES FORM 11
CIVIL-GEN                                                                              Initials of Deputy Clerk MU